By the Court. Bosworth, J.
Whenever one, of several defendants, “ who are joint contractors, or are united in interest, is examined by the adverse party,” the other of such defendants may offer himself as a witness to the same cause of action or defence, and shall be so received. (Code, § 397, 390.)
Were the defendants, Morrell, O’Hara, and Smith, “ united in interest,” within the meaning of those words as used in § 397 of the Code, as they stood before the Court when O’Hara and Smith were permitted to be sworn ?
It is quite clear that those words do not denote and include those defendants only, against all of whom, a plaintiff, prior to the Code, must have recovered, or recover against none.
Uor do they designate and include only such defendants as are jointly liable on contract. In actions of assault and battery, trespass, trover, and other actions of tort, which in their nature *607 may be joint or several, and which, before the Code, might have been brought against each wrong-doer separately, or against all jointly, and in which, if several were joined as defendants, the plaintiff might recover against some, although he failed to recover against others; one defendant cannot be a witness for his co-defendant, after evidence has been given by the plaintiff, which is sufficient to charge all as joint wrong-doers; to prove any fact, which, if true, and if proved by competent testimony, would exonerate all from liability, or which would mitigate damages.
The reason is, that as to such matter he is jointly interested with his co-defendants, and all being joint wrong-doers when sufficient evidence has been given to establish a joint liability; whatever damages the plaintiff has sustained, he is entitled to recover against all. In such an action, after proof of such facts, there cannot be separate verdicts, in favor of the plaintiff, against the different defendants. (Dean v. Thornton and Dutton, 3 Kern. 266.)
This case decides, that if the plaintiff had proved by witnesses, not parties to the record, that Morrell, O’Hara, and Smith, had concocted and agreed between themselves upon a scheme by which the property of Morrell should be transferred to one of their number for the purpose of defrauding Morrell’s creditors, and in pursuance and execution of such scheme, and with that intent it had been so disposed of by Morrell; neither of such defendants could have been a witness for the others to disprove such cause of action. Such evidence, if given by a third person, would,as effectually exonerate all, as either, and as to such matter, they would be jointly interested. (Beal v. Finch, 1 Kern. 135-6.)
When a combination among several to commit, a wrong is established, each is responsible for the acts of the other, which are done in execution of, and pursuant to the agreement or scheme, in which they united to do the wrong.
It can make no difference, that the pecuniary interest of Morrell to prove the fraud, was greater than his interest to disprove the conspiracy.
This proposition may be illustrate4 by a variety of cases. One will suffice.
*608 A plaintiff sues A. B. and C. D. on a note bearing the signature, “ A. B. & Co.,” and signed in the firm’s name by A. B., alleging that the defendants were partners doing business under the name of A. B. & Co., and that they made the note in their co-partnership name.
In such an action, before the Code, the plaintiff must have recovered against both defendants or neither.
On the trial, the plaintiff may now call A. B., and prove by him that C. t). was his partner when the note was given, and that it was given in the due course of the partnership business. In such a case, C. D. would be clearly admissible in his own behalf to disprove the cause of action, which A. B. had been examined to establish.
And yet in such a case, A. B.’s pecuniary interest would be in favor of the plaintiff, because by establishing the fact that C. D. was his partner, he would be benefited by subjecting him to a liability to pay the debt.
And yet, in such an action, if C. D. had put in an answer, under which the evidence was admissible, A. B. might be called by him to prove that C. D. was a minor, or a married woman, and therefore not liable at all, although an actual joint contractor.
Brumskill v. James & Eaglesum, 1 Kern. 294; Marquat v. Marquat, 2 Kern. 336: This shows, that whether the action be contract or tort, the pleadings alone, and the cause of action which they state, are not the exclusive tests by which to determine whether several defendants are united in interest, in respect to matters in relation to which the testimony of some oj;None of them has been given or may be offered.
This Court has decided, at General Term, that in an action against the members of a firm, upon a guaranty of the debt of a third person in the firm’s name, where one defendant plead that it was signed by the other partner without his knowledge or consent, and in a matter not relating to the partnership business, he might call the partner who signed the firm’s name, to prove the facts, and that, the proof being satisfactory, the defendant so pleading was entitled to a verdict, and the plaintiff could have a verdict and judgment against the other defendant. (Claflin v. Butterly, 5 Duer, 237.)
*609 But such an action as the pleadings state it, and the plaintiff seeks to enforce it, is one in which the defendants are joint contractors, or partners.
Hence it is obvious that it does not depend solely upon the nature of the action, nor upon the fact that several defendants are sued as joint contractors, or joint wrong-doers, whether one can be called as a witness for the other, or in other words, whether they are united ^in interest—as to the matter, in respect to which, one may be called to testify for the other.
In all actions, whether of contract or tort, one defendant may be a witness for his co-defendant, to prove that the latter was never hable, when that proof consists of facts which, though true, could be of no benefit to the testifying defendant, when proved by witnesses other than himself.
So in all actions, whether of contract or tort, there may be matters of defence which neither defendant is competent to prove on behalf of the other.
But in all actions, whether they be actions of contract or tort, whenever a plaintiff calls a defendant, and, by examining him, gives evidence tending to establish a cause of action against all jointly, and by establishing which all may be charged with the whole amount for which either would be liable on the same facts, if sued alone, the other defendants may be examined as witnesses to the same cause of action.
That disproving that cause of action will wholly defeat the right of the plaintiff to recover against either defendant, is no answer to the right of such a co-defendant to offer himself, and to be received. Such a result will follow in all cases in which neither defendant was guilty of a fraud, unless all had conspired to commit one.
We think the defendants Smith and O’Hara were “united in interest” with Morrell, within the meaning of those words, as" used in § 397 of the Code, as to the cause of action, which Morrell had been examined to prove, and which the evidence given by him tended to establish, and that, in consequence of his having been so examined by the plaintiffs, they severally had the right to offer themselves as witness to the same cause of action, and to be examined accordingly.
The judgment must be affirmed.